UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey Grant James, | ) C/A No. 6:05-01347-GRA-BHH |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| City of Asheville, North Carolina; and | ) |
| County of Buncombe North Carolina, | ) |
| Defendants. | ) |

An initial pleading entitled "Petition" was filed in this Court by a private citizen proceeding *pro se*. Because the allegations contained in this pleading raise issues of possible civil rights violations under color of state law and because there was a claim for compensatory damages in the amount of $3,000,000.00, the Court docketed the initial pleading as a Complaint filed pursuant to 42 U.S.C. § 1983.[1] The parties have been docketed as Plaintiff and Defendants.

Because this case was filed *pro se*, it was referred to the undersigned magistrate judge for initial review.[2] Following such review, it is the recommendation of the undersigned that this case be transferred in the interests of justice to the Western District of North Carolina for further handling. *See* 28 U.S.C. § 1406(a); *see also* Goldlawr v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); Porter v. Groat, 840 F.2d 255 (4th Cir. 1988); Glaxo Inc. v. Genpharm Pharmaceuticals, Inc., 796 F.Supp. 872, 877 (E.D. N.C. 1992).

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[2] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court. *See also* 28 U.S.C. §§ 1915(e)(2); In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997)(*pro se* pleadings by non-prisoners should also be screened).

The recommendation for transfer is grounded on the determination that there is no basis evident from Plaintiff's Complaint that would allow this Court to obtain personal jurisdiction over the Defendants. A bedrock requirement in any civil action is that the district court in which a Complaint is brought shall have personal jurisdiction over the person(s) of the defendant(s). Rule 4(e) Federal Rules of Civil Procedure ("Service Upon Individuals Within a Judicial District of the United States") by its own title suggests that persons outside a given judicial district cannot be brought into that district court. The Rule, however, allows application of so-called state "long arm" statutes:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
>> (1) *pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State*; or
>>
>> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e)(emphasis added).

Under South Carolina law, nonresidents may be served and subjected to state court jurisdiction under the provisions of S.C. Code Ann. § 36-2-803 ("Personal jurisdiction based upon conduct"):

> (1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's
>
>> (a) transacting any business in this State;
>> (b) contracting to supply services or things in the State;
>> (c) commission of a tortious act in whole or in part in this State;
>> (d) causing tortious injury or death in this State by an act or omission outside this

2

>State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this State; or
>(e) having an interest in, using, or possessing real property in this State; or
>(f) contracting to insure any person, property or risk located within this State at the time of contracting; or
>(g) entry into a contract to be performed in whole or in part by either party in this State; or
>(h) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.
>
>(2) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him....

S.C.Code Ann. § 36-2-803.

Comparison of the foregoing statutory list with the allegations in the Complaint filed in this case demonstrates that this Court cannot exercise personal jurisdiction over either Defendant named by Plaintiff. Each Defendant named in this case is a North Carolina governmental entity, and all of the actions giving rise to Plaintiff's claims of excessive force and/or injury during an arrest or other detention appear to have taken place in North Carolina in the Asheville area. Additionally, Plaintiff himself provides a North Carolina mailing address indicating that even he has no South Carolina connection sufficient to allow him to seek redress from this Court. In short, it is clear that the state and federal courts of North Carolina are the proper forum in which to adjudicate the claims raised in this Complaint by this non-resident of South Carolina against the two Defendants – also non-residents of South Carolina. As a result, the interests of justice require this Court to transfer this case to the United States District Court that can obtain personal jurisdiction over the Defendants and thereby avoid any procedural complications that may be wrought by dismissal of the case for lack of jurisdiction. *See* Robbins v. Yutopian Enters., 202 F.Supp.2d 426, 430-31(D. Md. 2002); *see also*

Robertson v. Northcutt, 850 F.2d 690, *2 (4th Cir., June 23, 1988)(unpublished opinion, text in Westlaw)(statute of limitations; preserving filing date is better served by transfer to more appropriate district than by dismissal). Furthermore, transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. *See* Goldlawr, 369 U.S. at 466-67; Dubin v. United States, 380 F.2d 813, 815 (5th Cir. 1967). No ruling on the merits of this case has been made in connection with this recommendation for transfer as such ruling is more appropriately within the authority of the District Court for the Western District of North Carolina to make. *See generally* 15 Wright, Miller & Cooper, Federal Practice and Procedure, § 3827, at 268-74 (1986).

## RECOMMENDATION

Accordingly, it is recommended that, in the interests of justice, this Court transfer this case to the Western District of North Carolina. *See* 28 U.S.C. § 1406(a); *see also* Goldlawr, 369 U.S. at 467; In re Carefirst of Maryland, Inc., 305 F.3d 253 (4th Cir. 2002) ; Porter, 840 F.2d at 257-58.

Plaintiff's attention is directed to the important information on the following page.

Respectfully submitted,

Bruce H. Hendricks
United States Magistrate Judge

May 13 , 2005
Greenville, South Carolina

4

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

5